IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OSVALDO HERNANDEZ, | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00415-DB** |
| | § | |
| PAMELA JO BONDI, *U.S. Attorney* | § | |
| *General, et al.,* | § | |
| **Respondents.** | § | |

## ORDER OF IMMEDIATE RELEASE

On this day, the Court considered the above captioned case. On February 12, 2026, Petitioner

Osvaldo Hernandez filed *pro se* a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2241, By a Person Subject to Indefinite Detention by Immigration," ECF No. 3. In their Petition,

Petitioner asks this Court to "1) Assume jurisdiction over this matter, 2) Grant Petitioner a writ of

habeas corpus directing Respondents to immediately release Petitioner from custody under

reasonable conditions of supervision, [and] 3) Order Respondents to refrain from transferring the

Petitioner out of the jurisdiction or ICE in the Western District of Texas during the pendency of

these proceedings and while the Petitioner remains in Respondents' custody." *Id.* at 8. Petitioner

is currently detained by United States Immigration and Customs Enforcement. *Id.* at 1. Among

other things, Petitioner contends his detention is unlawful because there is no significant likelihood

of removal in the reasonably foreseeable future as required by the Fifth Amendment's Due Process

Clause. *Id.* at 7. Petitioner avers there is no significant likelihood of removal to Cuba since there

is "no immigration agreement" between Cuba and the United States. *Id.*

Petitioner is a Cuban national with a final order of removal from October 16, 2017. ECF No. 16 at 2. Petitioner was released from custody on an Order of Supervision on August 30, 2023. *Id.* Petitioner was detained again on November 5, 2025, to pursue removal to Cuba or to a third country. *Id.* ICE sought to remove Petitioner to his home country of Cuba, but the Cuban government denied ERO's request to repatriate Petitioner on December 16, 2025. *Id.* On January 16, 2026, ERO resumed efforts to remove Petitioner to a third country. *Id.* On Feburary 16, 2026, Petitioner refused removal to Mexico via the Santa Teresa, New Mexico Port of Entry. *Id.*

In lieu of an evidentiary hearing, the Court ordered Respondents to file a supplemental advisory about their efforts to remove Petitioner from the United States. ECF No. 17. In response, Respondents provided the following:

> Although, it is lawful to remove the Petitioner to Mexico, the Mexico government has stated they will not accept a third-country national who does not consent to removal to Mexico. Accordingly, Petitioner's lack of consent and lack of signature do not forbid Respondent's legally, from removing people to Mexico, but the Mexican government won't accept such nationals. Respondents have not designated a different third country for removal. Petitioner was to be considered for the CVNH third country removal through Phoenix, AZ or Harlingen, TX, as those ports of entries have agreements where the Mexican immigration will accept all cases even those unwilling to comply. Yet as of mid-February 2026, those have been placed on pause.

ECF No. 17 at 1.

## **LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody

in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The statutory provision that governs the Court's review in this case is 8 U.S.C. § 1231. Under § 1231(a)(1)(A), when a noncitizen is ordered removed, the Attorney General has 90 days to remove them from the United States. During this 90-day removal period, DHS and ICE are required to detain the noncitizen. Upon the conclusion of the 90-day removal period the statute allows for either continued detention or release under supervision. 8 U.S.C. § 1231(a). Although the statute gives the Attorney General the discretion to continue detaining a noncitizen in this situation, this detention is subject to the limits of the Fifth Amendment's Due Process clause. *See Zadvydas*, 533 U.S. at 690-692.

In *Zadvydas v. Davis* the Supreme Court interpreted Section 1231(a)(6), the provision that allows for detention beyond the 90-day removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701.  Beyond six months, if removal is no longer reasonably foreseeable, continued detention is not authorized by the statute. *Id.* at 699. Under *Zadvydas,* if a noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future in a habeas corpus petition, the Government must respond with evidence sufficient to rebut that showing. *Id.* at 701.

## **DISCUSSION**

The Court finds Petitioner's removal from the United States is not significantly likely to occur in the reasonably foreseeable future. Generally, when a noncitizen is ordered removed from

the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into 8 U.S.C. § 1231 and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). In his Petition, Petitioner asserted removal to Cuba was not likely because there is "no immigration agreement" between Cuba and the United States. ECF No. 3 at 7.  Now, it is undisputed removal to Cuba is not an option because on December 16, 2025, the Cuban government definitively denied Petitioner's repatriation to Cuba. ECF No. 16 at 2. Thus, Respondents' only option is removal to a third country.

On the facts of this case, the Court finds removal to Mexico is not significantly likely to occur in the reasonably foreseeable future. On December 13, 2025, Respondents served Petitioner with a notice of third country removal to Mexico. ECF No. 16-1 at 2. On January 16, 2026, Respondents initiated a request to remove Petitioner to Mexico under the Cuba Venezuela Nicaragua and Haiti (CVNH) repatriation agreement. *Id.* at 3. On February 16, 2026, Petitioner refused removal to Mexico via the Santa Teresa, New Mexico Port of Entry. *Id.* Respondents now

make clear removal to Mexico is not an option given "the Mexico government has stated they will not accept a third-country national who does not consent to removal to Mexico." ECF No. 19 at 1 (asserting "Petitioner's lack of consent and lack of signature do not forbid Respondent's legally, from removing people to Mexico, but the Mexican government won't accept such nationals."). Respondents further advise "Petitioner was to be considered for the CVNH third country removal through Phoenix, AZ or Harlingen, TX, as those ports of entries have agreements where the Mexican immigration will accept all cases even those unwilling to comply. Yet as of mid-February 2026, those have been placed on pause." *Id.* Because there is no indication the barrier to removal that Petitioner's lack of consent poses will be extinguished, the Court is unpersuaded removal to Mexico is significantly likely to occur in the reasonably foreseeable future.

Finally, Respondents have not designated a different third country for removal. This Court cannot deem removal is reasonably foreseeable so long as good faith efforts continue. Such a standard "would seem to require an alien seeking release to show the absence of any prospect of removal— no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents failed to rebut Petitioner's assertion that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making any continued detention unlawful.

## **CONCLUSION**

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner Osvaldo Hernandez's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, By a Person Subject to Indefinite Detention by Immigration," ECF No. 3, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than April 7, 2026,** subject to the same conditions of supervision imposed prior to his re-detention on November 5, 2025.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than April 9, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than April 13, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner Osvaldo Hernandez at

ERO El Paso Camp East Montana
6920 Digital Road
El Paso, Texas 79936

or Petitioner's address on file.

**SIGNED** this **6th** day of **April 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**